

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: Request from the Government of
      Zambia for Assistance in
      Criminal Matters in the Matter of
      Dr. Rajan Lekraj Mahtani

_____/

**Case:2:12-mc-50139**
**Judge: Friedman, Bernard A.**
**Filed: 02-06-2012 At 12:07 PM**
**DR. RAJAN LEKRAJ MAHTANI (LCB)**

## ORDER

Upon application of the United States, and upon review of the letter of request of January 5, 2011 and June 28, 2011 from Zambia seeking evidence for use in a criminal investigation, prosecution, or proceeding related to the prosecution in Zambia, and the Court having fully considered this matter,

IT IS HEREBY ORDERED, pursuant to the authority conferred by 18 U.S.C. § 3512, as well as this Court's inherent authority, that Eric M. Straus (or a substitute or successor designated by the Office of the United States Attorney) is appointed as commissioner ("commissioner")] of this Court and hereby directed to execute the foreign assistance request and to take such steps as are necessary to collect the evidence requested. In doing so, the commissioner:

1.     may issue commissioner's subpoenas to be served on persons (natural and legal) ordering them or their representatives to appear and to testify and produce evidence located within the United States;

2.     shall provide notice with respect to the collection of evidence to those persons identified in the request as parties to whom notice should be given (and no notice to any other person shall be required);

3.     shall adopt procedures to collect the evidence requested consistent with its use in the

investigation, prosecution or other proceeding in Zambia for which the Attorney General of the Republic of Zambia has requested assistance, which procedures may be specified in the Request or provided by or with the approval of the Attorney General of the Republic of Zambia making the Request;

    4.      may, in collecting the evidence requested, be accompanied by persons whose presence or participation is authorized by the commissioner, including, without limitation, special agents of the FBI and IRS and/or representatives of Zambia who, as authorized or directed by the commissioner, may direct questions to any witness;

    5.      may seek such further orders of this Court as may be necessary to execute this Request, including orders to show cause why persons served with commissioner's subpoenas who fail to produce evidence should not be held in contempt; and, including protective orders to regulate the use of the evidence collected;

    6.      shall certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that Office for transmission to the foreign authority; and

    7.      may provide copies of the evidence collected to persons identified in the Request as parties to whom such copies should be given (and to no other persons).

IT IS FURTHER ORDERED that any person from whom the commissioner seeks to collect evidence may, for good cause shown, oppose the giving of evidence, or the circumstances thereof, by motion timely filed with this Court, a copy of which shall be provided contemporaneously to the commissioner;

IT IS FURTHER ORDERED that the application and this order shall be maintained under

seal unless and until this Court orders otherwise.   Notwithstanding this order's filing and maintenance under seal, the commissioner may disclose copies of this order as necessary to accomplish the purposes of the Request.

IT IS FURTHER ORDERED that Comerica Bank or any other financial institutions shall not disclose to its customer Erica L. Droste, or to any person jointly holding an account with that customer, any aspect of this matter, including the fact that it has received a subpoena or has given testimony or evidence in response thereto.

Hon. Mona K. Majzoub
UNITED STATES MAGISTRATE JUDGE

Dated: _Feb 6_, 2012



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: Request from the Government of
Zambia for Assistance in
Criminal Matters in the Matter of
Dr. Rajan Lekraj Mahtani

_____/

**Case:2:12-mc-50139**
**Judge: Friedman, Bernard A.**
**Filed: 02-06-2012 At 12:07 PM**
**DR. RAJAN LEKRAJ MAHTANI (LCB)**

## APPLICATION FOR ORDER PURSUANT TO
## TITLE 18, UNITED STATES CODE, SECTION 3512

The United States of America petitions this Court for an order, pursuant to 18 U.S.C. § 3512,

and its own inherent authority, appointing Eric M. Straus (or a substitute or successor subsequently

designated by the Office of the United States Attorney) as commissioner to collect evidence from

witnesses and to take such other action as is necessary to execute the above captioned and attached

request from Zambia. The United States assists in such matters pursuant to principles of comity and

good international relations that exist between the two countries.  This request is being made

pursuant to those such principles.

Respectfully submitted,
Barabra L. McQuade
UNITED STATES ATTORNEY

By:

Eric M. Straus
Assistant United States Attorney

**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: Request from the Government of
Zambia for Assistance in
Criminal Matters in the Matter of
Dr. Rajan Lekraj Mahtani

Case:2:12-mc-50139
Judge: Friedman, Bernard A.
Filed: 02-06-2012 At 12:07 PM
DR. RAJAN LEKRAJ MAHTANI (LCB)

_____/

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

The United States is seeking an order appointing a person as a commissioner to collect

evidence requested by Zambia in its request (the "Request") and to seek other orders, as needed, to

execute the Request as authorized by the Treaty and 18 U.S.C. § 3512.

The Central Authority for Zambia, makes this Request in connection with a criminal

investigation or proceedings related to the prosecution.  Specifically, the Zambian Anti-Money

Laundering Investigations Unit, a subsection by mandate of the Drug Enforcement Commission of

Zambia, is investigating individuals and entities declared as shareholders in Finance Bank Zambia

Limited (FBZL), and specifically the dominance of one corporate shareholder, Finsbury Investments

Limited (Finsbury).  Finsbury is solely controlled by Dr. Rajan Lekraj Mahtani (Dr. Mahtani).

Zambian authorities discovered that in 2009, Dr. Mahtani controlled 56.5% of the Shareholding of

FBZL, both through Finsbury (25%) as well as through other nominees.   The investigation has

revealed that Dr. Mahtani accrued a total sum of approximately US$25 million as FBZL dividends,

some of which he later transferred to foreign jurisdictions.  Based on this activity, Dr. Mahtani has

been accused of being in possession of more than 25% beneficiary interest in voting shares of FBZL

without prior authorization from the Bank of Zambia, contrary to Zambia's Banking and Financial

Services Act, as well as money laundering in violation of Zambia's Prohibition and Prevention of Money Laundering Act. The Zambian government has asked for assistance in seeking an interview of a purported shareholder, Erica I. Droste, as well as obtaining her financial records located at Comerica Bank in Livonia, Michigan.

Federal courts, pursuant to statutory and their inherent authority, may issue orders as may be necessary for the production of the evidence requested by Zambia including orders appointing a person as a commissioner to gather such evidence and establishing the procedures for the production of such evidence.

A.    Statutory Authority Grounding Execution of Requests for Assistance

In the past, federal courts routinely utilized procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests for assistance from foreign authorities.   In re Commissioner's Subpoenas, 325 F.3d 1287, 1305-1306 (11th Cir. 2003).   Substantive U.S. law regarding searches, seizures and other compulsory processes further grounded the execution of such requests.

On October 19, 2009, the President signed the Foreign Evidence Request Efficiency Act of 2009 (Public Law 111-79), enacting 18 U.S.C. § 3512, the full text of which is attached for the convenience of this Court.  Section 3512 explicitly authorizes a federal court to:

> issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

Section 3512 directly empowers the federal courts to execute such requests and separately codifies under Title 18 the longstanding practice and procedures employed by the United States and the

federal courts to execute requests by foreign authorities for assistance to the fullest extent possible under U.S. law.  Congress enacted Section 3512 to make it "easier for the United States to respond to these requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 CONG. REC. S6,810 (2009)(Statement of Sen. Whitehouse).

B.      Execution of Foreign Requests for Assistance Under Section 3512.

1.      Authorization of the Application to This Court

Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation and prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing and restitution.

For purposes of Section 3512, an application is "duly authorized by an appropriate official of the Department of Justice" when the Department of Justice, Criminal Division, Office of International Affairs, has reviewed and authorized the request and is executing the request itself or has delegated the execution to another attorney for the government.  In this matter, such authorization and delegation is evidenced by a letter dated August 29, 2011 from the Department of Justice, Criminal Division, Office of International Affairs, received by the United States Attorney, transmitting the Request to this district for execution.

Section 3512 authorizes filing the instant application in this district where the majority (or some) of the evidence is located.

2.      Foreign Authority Seeking Assistance Within Section 3512.

As to the "foreign authority" making the Request, Section 3512 provides:

3

The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

In this matter the foreign authority is the Attorney General of the Republic of Zambia.

Historically, foreign requests for judicial assistance may be made by a foreign court or tribunal, including an investigating magistrate or juge d'instruction. In re Letter of Request from the Government of France, 139 F.R.D. 588, 590-591 (S.D.N.Y. 1991); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 405-406 (S.D. Fla. 1987). The language of Section 3512 clearly encompasses those entities and persons within the meaning of "foreign authority" as well as those persons traditionally deemed an "interested person," such as a foreign public prosecutor. In re Letters Rogatory from the Tokyo District Prosecutor's Office, Tokyo, Japan, 16 F.3d 1016, 1019 (9th Cir. 1994); In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 690 (D.C. Cir. 1989); In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 648 F. Supp. 464, 466 (S.D. Fla. 1986), aff'd, 848 F.2d 1151, 1154 (11th Cir. 1988), cert. denied, 488 U.S. 1005 (1989).

As evidenced by the Request itself and confirmed in the authorization process and again by the undersigned, consistent with Section 3512(a)(1), the foreign authority seeks assistance in the investigation or prosecution of criminal offenses or in proceedings related to the prosecution of criminal offenses.

3.    Authority of the Federal Courts Under Section 3512

4

When enacting Section 3512, Congress intended that federal courts facilitate to the fullest extent possible the execution of requests by foreign authorities for assistance in criminal matters and endeavored to streamline and expedite the execution of such requests. Section 3512 authorizes federal courts to issue "such orders as may be necessary to execute a request" and specifically includes: orders for search warrants pursuant to Federal Rule of Criminal Procedure 41; orders for stored wire or electronic communications and related evidence under 18 U.S.C. § 2703; orders for pen registers and trap and trace devices under 18 U.S.C. § 3123; orders for the provision of testimony or a statement or the production of documents or other things, or both; and orders appointing "a person" to direct the taking of testimony or statements or the production of documents or other things, or both.   18 U.S.C. § 3512(a)(1), (2).

The assistance requested by the Attorney General of the Republic of Zambia in the instant Request falls squarely within that contemplated by Section 3512.

C.    Appointment of a Person as Commissioner to Collect Evidence

1.    Statutory Authorization.

Section 3512 (b) provides that a federal judge may "issue an order appointing a person to direct the taking of testimony or statements or of the production of documents or other things, or both." The statute further authorizes the person appointed to issue orders requiring the appearance of a person, or the production of documents or other things, or both; administer any necessary oath; and take testimony or statements and receive documents or other things. Commensurate with past practice under 28 U.S.C. § 1782, it is anticipated that a federal court would appoint an Attorney for the Government, typically a federal prosecutor, as "commissioner." However, Section 3512 does not place limits on whom "a person" might be, permitting the court to commission a foreign authority

5

together with an Attorney for the Government.  See, e.g., In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 29 (S.D.N.Y. 1991).  "Since the power of the commissioner comes from his appointment, any person who seems appropriate to the court may be appointed commissioner."  In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993).]

       2.  Procedures for Evidence Collection

Section 3512(a) specifically empowers a federal judge to issue "such orders as may be necessary" to execute the request.  This authorization encompasses orders specifying the procedures to be used to collect particular evidence, including procedures requested by the foreign authority to facilitate its later use of the evidence.  Nothing in Section 3512 suggests any limitation on a court's power to exercise "complete discretion in prescribing the procedure to be followed" as was available under 28 U.S.C. § 1782.  In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989), citing 1964 U.S.C.C.A.N. at 3789.  See  White v. National Football League, et al., 41 F.3d 402, 409 (8th Cir. 1994), cert. denied, 515 U.S. 1137 (1995) (a court may issue whatever process it deems necessary to facilitate disposition of a matter before it); FED.R.CRIM.P. 57(b).

       a.     Procedures Authorized by Other Statutes.

In addition, Section 3512 references specific U.S. laws for obtaining certain evidence and, by doing so, adopts any statutorily mandated procedures in relation to obtaining orders for search warrants; orders for contents of stored wire or electronic communications or for records related thereto; and orders for a pen register or a trap and trace device.

       b.     Orders by the Person Appointed; Commissioner Subpoenas

6

Section 3512 authorizes the "person" appointed (here and in past practice under 28 U.S.C. § 1782, the "commissioner") to issue orders "requiring the appearance of a person, or the production of documents or other things or both." A district court has "complete discretion in prescribing the procedure to be followed."

If a federal district court so orders, the commissioner may use the attached form, still entitled "commissioner's subpoena," to obtain the requested evidence. See In re: Commissioner's Subpoenas, 325 F.3d 1287, 1291 (2d Cir. 1993) (incorporating in pertinent part a district court's order directing use of commissioner's subpoenas); United States v. Erato, 2 F.3d 11, 13-14 (2d Cir. 1993) (same). This commissioner's subpoena is simply a version of the "order" to be issued by the person appointed by the court under Section 3512 to direct the production of evidence. Section 3512 expressly authorizes the service and enforcement of such orders or commissioner's subpoenas anywhere in the United States (i.e., coextensive with the service of subpoenas in U.S. criminal investigations and prosecutions).

 c. Notice of Evidence Taking

As an initial matter, this application is being made ex parte, consistent with U.S. practice in its domestic criminal matters and its prior practice on behalf of foreign authorities under 28 U.S.C. § 1782. In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 688 (D.C. Cir. 1989); In re Letters Rogatory from the Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976).

Section 3512 authorizes use of compulsory process in the execution of foreign assistance requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial

subpoenas) are issued without notice to any party other than the recipients (i.e., no notice to targets or defendants), orders and commissioner's subpoenas issued in execution of foreign assistance requests pursuant to Section 3512 likewise should require no notice other than to the recipients. In the absence of a specific request to provide notice, a district court and U.S. authorities can assume that a requesting foreign authority has provided such notice as the foreign law requires, or that foreign law does not require notice and the requesting foreign authority does not consider notice to be necessary or useful. Accordingly, a federal district court should authorize a commissioner to collect the evidence requested without notice to any party other than the recipient of the commissioner's subpoena except to the extent that a request asks for specific notice procedures.

     d.    <u>Right to Financial Privacy Act</u>

The Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., does not apply to execution of foreign legal assistance requests. <u>Young v. U.S. Dept. of Justice</u>, 882 F.2d 633, 639 (2d Cir. 1989), <u>cert. denied</u>, 493 U.S. 1072 (1990); <u>In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti</u>, 669 F. Supp. 403, 407 (S.D. Fla. 1987); <u>In re Letters of Request from the Supreme Court of Hong Kong</u>, 821 F.Supp. 204, 211 (S.D.N.Y. 1993). Consequently, to the extent that execution of a request entails production of bank or financial records, notice provisions of the Act do not apply, and the Commissioner need not give, nor arrange for the custodian of records to give, notice to an account holder. (Note that the Act itself applies only to accounts maintained in a person's name and not to corporate, perhaps even partnership, accounts. <u>United States v. Daccarett</u>, 6 F.3d 37, 50-52 (2d Cir. 1993).)

    <u>Conclusion</u>

The instant request is exactly the type of request contemplated for execution under Section

3512. In its sequential legislative efforts relevant to the provision of assistance to foreign authorities, Congress has intended that the United States set an example to other nations by making judicial assistance generously available. See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 848 F.2d 1151, 1153-1154 (11th Cir. 1988), cert. denied, 488 U.S. 1005 (1989). Section 3512 enables the United States to respond "more quickly . . . to foreign evidence requests. These efforts will assist [the United States] with [its] investigations as foreign authorities will be urged to respond in kind to our evidence requests in a speedy manner." 155 CONG. REC. H10,093 (2009)(Statement of Rep. Schiff).

As to this Request, the investigatory nature of the Request as described militates that the application and order be maintained under seal.

Accordingly, to execute this Request and in the interests of comity, the Government moves this Court to issue the attached order pursuant to 18 U.S.C. § 3512 appointing the undersigned Assistant U.S. Attorney as commissioner, and any subsequently identified foreign authorities as co-commissioners, authorizing the undersigned/co-commissioners to take the actions necessary, including the issuance of commissioner's subpoenas, to obtain the evidence requested, to adopt such procedures in receipt of the evidence as are consistent with the intended use thereof, and sealing the application and order until further order of this Court.

9

Respectfully submitted,
Barabra L. McQuade
UNITED STATES ATTORNEY

By:

Eric M. Straus
Assistant United States Attorney

10



**U.S. Department of Justice**

Criminal Division
Office of International Affairs

MEW:JWC:PLP:jkk
182-36134

Washington, DC  20530

August 29, 2011

<u>Via Email and FedEx</u>

Eric M. Straus
Assistant United States Attorney
U.S. Attorney's Office
Suite 2001
211 W. Fort Street
Detroit, Michigan 48226

Re:    <u>Request for Assistance from Zambia in the Matter of Dr. Rajan Lekraj Mahtani</u>

Dear AUSA Straus:

Please find enclosed the above-referenced request dated January 1, 2011, and June 28, 2011, with attachments, from Zambia for legal assistance in a foreign criminal matter.  The United States assists in such matters pursuant to principles of comity and good international relations that exist between our countries.   This request should be executed pursuant to such principles and a commissioner should be appointed for this purpose pursuant to 18 U.S.C. § 3512.  Consistent with the requirements of 18 U.S.C. § 3512, your office is hereby authorized to seek all the necessary orders, including those set out with more specificity below, and take other steps necessary to execute the above-referenced request.  This request has been assigned to your district as well as to the Southern District of New York, District of Columbia, and the District of Nevada. Your office is hereby authorized to proceed with execution of the portions of the foreign assistance request specified in detail below.  The U.S. Attorney's Offices for the Southern District of New York, District of Columbia, and District of Nevada have been assigned to execute the remaining aspects of the request.

<u>The Facts</u>

The facts of the case are set forth in detail in the enclosed request.  In summary, the Zambian Anti-Money Laundering Investigations Unit, a subsection by mandate of the Drug Enforcement Commission of Zambia, is investigating individuals and entities declared as shareholders in Finance Bank Zambia Limited (FBZL), and specifically the dominance of one corporate shareholder, Finsbury Investments Limited (Finsbury). Finsbury is solely controlled by Dr. Rajan Lekraj Mahtani (Dr. Mahtani). Zambian authorities discovered that in 2009, Dr. Mahtani controlled 56.5% of the

shareholding of FBZL, both directly through Finsbury (25%) as well as through other nominees. All of the FBZL dividends were deposited first into Finsbury's bank account and then 43.5% of the dividends (those not directly or indirectly controlled by Dr. Mahtani) were distributed to various shareholders in different jurisdictions. The remaining 56.5% of the dividends were retained by Finsbury, portions of which were transferred to various jurisdictions based on Dr. Mahtani's sole instruction. The investigation has revealed that Dr. Mahtani accrued a total sum of approximately US$20 million as FBZL dividends, some of which he later transferred to foreign jurisdictions. Based on this activity, Dr. Mahtani has been accused of being in possession of more than 25% beneficiary interest in voting shares of FBZL with out prior authorization from the Bank of Zambia, contrary to Zambia's Banking and Financial Services Act, as well as money laundering in violation of Zambia's Prohibition and Prevention of Money Laundering Act. Specific information regarding Finsbury can be found in Annexure C of the request. Specific information regarding the money transfers by Finsbury to U.S. accounts can be found in Annexure D of the request.

Request for Assistance

As set forth in the request dated January 5, 2011 (pages 2 and 3) and June 28, 2011 (pages 5 and 6), Zambian authorities seek interviews from purported shareholders who received dividend payments from Finsbury to their U.S. bank accounts, as well as related financial records. The account holder located in your District is as follows:

1.    Account Holder:        Erika I. Drotse
      Account Number:        682-080-1733
      Financial Institution:  Comerica Bank
                             Livonia, Michigan

The Zambian authorities have requested that the shareholder interviews and the interviews of bank custodians be conducted pursuant to Annexure F (witness statement) and Annexure G (witness statement, institutions) of the request, respectively. Furthermore, Zambian investigating officials have requested to be present during the interviews and any evidence gathering.

Please provide this office with the name and telephone number of the Assistant United States Attorney (AUSA) to whom this request is assigned. That AUSA should analyze the request and notify us immediately if it contains insufficient information to permit execution. Otherwise, the AUSA should be commissioned pursuant to 18 U.S.C. § 3512 to execute this request on behalf of Zambia. Sample pleadings and guidance relating to the execution of foreign assistance requests are available and may be downloaded from OIA Online, which may be accessed through USANet or contact the OIA Paralegal Specialist assigned for assistance.

I will serve as the main point of contact for both your office and Zambia. Please contact me by email at patricia.petty@usdoj.gov or by telephone at (202) 514-3655, if you have any questions regarding the execution of the request or need further information from the Zambian authorities. You may also contact OIA Paralegal Specialist Jessica Kraft-Klehm by telephone at (202) 307-9951 or by e-mail at jessica.kraft-klehm@usdoj.gov.

Please keep this office apprised of the status of execution of this request. Both the Office of International Affairs and law enforcement authorities in Zambia appreciate your assistance in this international criminal matter.

Sincerely,

Mary Ellen Warlow
Director

By:   *[signature]*

Patricia L. Petty
Senior Trial Attorney

Enclosures

3

**...us, Eric (USAMIE)**

| | |
|---|---|
| **From:** | Kraft-Klehm, Jessica [Jessica.Kraft-Klehm@usdoj.gov] |
| **Sent:** | Monday, August 29, 2011 1:23 PM |
| **To:** | Straus, Eric (USAMIE) |
| **Cc:** | Petty, Patricia (CRM) |
| **Subject:** | New Request for legal assistance from Zambia - Dr. Rajan Lekraj Mahtani |
| **Attachments:** | mahtani za mlat req.pdf; mahtani cl edmi aug29_11.PDF |

Dear Eric,

Attached please find a new request for legal assistance from Zambia and accompanying cover letter from our office.  The request seeks bank records and affidavits from an account holder and records custodians from a financial institution located in Livonia, Michigan.  This request has also been sent to your attention via FedEx – there is an annex to the request which is lengthy and I am not including in this email.  If you would like a PDF of the annex please let me know.  We will need to discuss the logistics of executing this request as it has been sent to several districts and the Zambian authorities have requested to travel to the U.S. to obtain testimony.  Thank you for your assistance in this matter.

Thank you,
Jessie

Jessica Kraft-Klehm
Paralegal Specialist
Office of International Affairs
U.S. Department of Justice
Ph. 202.307.9951
Fx. 202.514.0080

1



*Telephone: +260-211-250438*
*Fax: +260-211-253695*

*E-mail: mola@zamnet.zm*

*In reply please quote*

*No. .........................*

REPUBLIC OF ZAMBIA

## MINISTRY OF JUSTICE

MOJ/6/1/2

January 5, 2011

OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 50106
RIDGEWAY
LUSAKA

The Attorney General,
International Crime Cooperation,
<u>UNITED STATES OF AMERICA</u>

Dear Sir,

RE:   <u>REQUEST FOR MUTUAL LEGAL ASSISTANCE IN CRIMINAL
MATTERS.</u>

The Attorney General of the Republic of Zambia presents his compliments to the Attorney General of the United States of America and has the honour to request for mutual legal assistance in Criminal matters in respect of the Investigations pertaining to the transfer of various sums of money from Finance Bank, Zambia Limited in Lusaka into various United States of America bank accounts by Dr. Rajan Lekraj Mahtani.

The Attorney General by virtue of Article 54 of the Constitution of Zambia is vested with power to exercise any power or duty imposed on the Attorney General by the said Constitution and /or any other written law.

In the exercise of that power or duty the Attorney General requests assistance pursuant to the mutual Legal Assistance in Criminal matters Act Chapter 87 of the laws of Zambia and the Commonwealth Scheme on mutual Legal Assistance in Criminal matters in order to obtain evidence from the Republic of United States of America in connection with this Criminal Investigation.

The Investigations are being conducted by **Senior Assistant Commissioner Mary Chirwa** and **Senior Investigations Officer Emmanuel Kanjela** both duly attested officers of the Drug Enforcement Commission which is vested with statutory powers to investigate crime generally and money laundering related offences in the Republic of Zambia.

The request is submitted by the Attorney General of the Republic of Zambia in terms of the Mutual Legal Assistance in Criminal Matters Act, Chapter 98 of the Laws of Zambia. The said Act designates the Attorney General as the competent Authority authorized to request competent authorities of Commonwealth and foreign countries for mutual legal assistance in criminal matters. In particular, the Attorney General is empowered to request competent

1

authorities of such countries/jurisdictions for assistance in obtaining evidence and carrying out investigations in their territories.

Requests for international assistance are made pursuant to section 9 of the Act. The Mutual Legal Assistance in Criminal Matters Act is hereto attached. In the event there is no bilateral treaty between Zambia and the United States of America regarding mutual legal assistance in criminal matters, administrative arrangement can still be made between the two friendly jurisdictions for such assistance to be rendered on a mutual basis.

The assistance requested is to pursue inquiries and obtain evidence in connection with the Investigations regarding the transfer of the said money from Zambia into United States of America Bank Accounts. This request is made in order to secure evidence against one of the Directors and shareholders of Finance Bank Zambia Limited.

Facts of this case are that between 2006 and 2010 the following amounts of money were transferred from Finance Bank Zambia Limited to various banks in United States of America on the instructions of Dr Rajan Lekraj Mahtani:

| Date | Amount | Beneficiary Account/details |
|---|---|---|
| 09.01.06 | US$ 10,000 | A/c Name:Jonas Stoltzfus, A/c #:0301000527 Bank of Nevada, Henderson, Nevada, 89074, United States of America |
| 09.01.06 | US$ 10,000 | A/c Name; Charles Henry de Beauvoir Carey A/c #:52551509, City Bank, N.A. New York United States of America |
| 06.02.06 | US$ 8,000 | A/c Name:Christine Toussaint A/c #: 149420-S8 Fund Staff Federal Credit Union, Washington DC United States of America |
| 22.10.07 | US$10,000 | A/c Name:Jonas Stolzfus, A/c #:9903284001.6(Checking) Ensign Federal Credit Union, Henderson, Nevada United States of America |

| | | |
|---|---|---|
| 17.06.08 | US$20,000 | A/c Name: Jonas Stolzfus,<br>A/c #:99032840016(Checking)<br>Ensign Federal Credit Union,<br>Henderson, Nevada<br>**United States of America** |
| 13.03.09 | US$20,000 | A/c Name: Maheep Singh,<br>A/c #:0204048/006/000/840<br>A/c S.G.hambros Limited,<br>A/c# 190063 Societe General,<br>1221 Avenue of Americans,<br>New York 10020<br>HSBC Bank, Central Bank<br>Exchange Square,<br>**United States of America** |
| 29.03.09 | US$50,000 | A/c Name: Overseas Trading Company<br>N.V,<br>A/c #: BE 13 40905101 1839,<br>KBC Bank, New York,<br>125, West 55th Street,<br>New York<br>**United States of America** |
| <u>24.07.09</u> | US$5,000 | A/c Name: Jonas Stolzfus,<br>A/c #:99032840016(Checking)<br>Ensign Federal Credit Union,<br>**United States of America** |
| 17.11.09 | US$30,000 | A/c Name: Padula and Grant,<br>A/c #:0143002186,<br>Paradise Bank,Bocaraton,<br>Florida,<br>**United States of America** |
| 17.11.09 | US$20,000 | A/c Name:Erica L. Droste,<br>A/c # :682-080-1733<br>Comerica Bank,31425,<br>Five Mile, Road Livonia,<br>Michigan,<br>**United States of America** |

3

| 30.11.09 | US$12,500 | A/c Name: Erica L. Droste, A/c # :682-080-1733 Comerica Bank,31425, Five Mile, Road Livonia, Michigan, **United States of America** |
| 11.01.10 | US$10,000 | A/c Name: Kerry Margolis, A/c #: 5359966044, Bank of America, N.A. **United States of America** |
| 04.02.10 | US$2,500 | A/c Name:Gay,McCall,Isaaks Attorney's Client Escrow Account, A/c #:8042716210, Colonial Bank, Frisco, Texas **United States of America** |

In view of the above circumstances, it has been deemed necessary to extend our Investigations to your country, and cover the following areas:

    a. To conduct bank searches at the banks mentioned to confirm whether the said sums were transferred into the mentioned bank accounts on the said dates from Finance Bank (Zambia) Limited in Lusaka, Zambia

    b. Confirm and identify whether this money is still in the said Accounts. If not, who withdrew the money?

    c. Identify the Bank Signatories of these Accounts.

    d. To record statements from Bank officials who handled or acted on the transactions.

    e. To locate and interview the Directors of companies, advocates and individual account holders named above.

    f. Pursue any tangents arising from the above (a) to (e)

The certified evidence from United States of America is therefore very crucial before a prosecution can be completed in this case.

In common practice with other Law jurisdictions, the Government of the Republic of Zambia cannot use hearsay evidence in court proceedings. We therefore request that our officers mentioned above be present at the collection of evidence and be permitted to take the documents or certified copies of documents back to Zambia.

I undertake that documents provided to this office will only be used for the proceedings as outlined in this letter of request.

The Government of the Republic of Zambia avails itself the opportunity to renew to the competent authorities of United States of America assurances of its highest consideration.

4

I wish to assure United States of America in particular the Ministry/Department of Justice of reciprocal relations in any similar request from your country.

Yours faithfully,

ABYUDI J. SHONGA Jr. SC
ATTORNEY GENERAL OF THE REPUBLIC OF ZAMBIA

ISSUED AT LUSAKA THIS ..................................DAY OF January 2011

5



28th June 2011

The Director
US Department of Justice
Criminal Division
Office of International Affairs
Washington D.C. 20530
**UNITED STATES OF AMERICA**


Attention: Ms Patricia Petty

### REQUEST FOR ASSISTANCE IN INVESTIGATIONS ON TRANSFER OF FUNDS FROM FINANCE BANK ZAMBIA BY DR RAJAN LEKRAJ MAHTANI

I acknowledge receipt of your letter dated 31st March 2011 in which you requested for additional information for the successful execution of my earlier request of January 5, 2011. Find herewith the requested information.

1. **ROLE AND AUTHORITY OF THE DRUG ENFORCEMENT COMMISSION (DEC) IN MONEY LAUNDERING INVESTIGATIONS.**

   The mandate of the Drug Enforcement Commission under Zambian law is two-fold. The first, dealing with narcotic offences, is under the Narcotic Drugs and Psychotropic Substances Act,

1



Chapter 96 of the Laws of Zambia. (**see annexure 'A'**) The second mandate is the prohibition and prevention of money laundering and fraud offences under Part III of the Prohibition and Prevention of Money Laundering Act no. 14 of 2001. Part III establishes the Anti-money Laundering Investigations Unit (AMLIU) which comprises the Commissioner and other officers appointed by the Commissioner. Under the interpretation section, "Commissioner" means the person appointed as Commissioner under the Narcotic Drugs and Psychotropic Substances Act (**see annexure 'B'**). This is the relationship between DEC and the Anti-money Laundering Investigations Unit and explains DEC's involvement in an offence which appears to be unrelated to narcotic offences.

2. **UNDERLYING INVESTIGATION**

In 2010, the Anti-Money Laundering Investigations Unit of DEC received a complaint from Bank of Zambia (BOZ) (Financial Institutions Supervisory Unit) and a request to conduct investigations into the true persons behind the individuals and entities declared as shareholders in Finance Bank Zambia Limited (FBZL). This was after BOZ inspection of FBZL which revealed several irregularities including dominance by one corporate shareholder in the name of Finsbury Investments Limited (FIL). The revelations at FBZL necessitated investigations into its operations including money laundering activities.

Investigations have so far been conducted and established the following chronology of historical shareholding in FBZL as at 2003, 2008 and the current status (2009);

2



| Certificate | % of Total Shares |
|---|---|

**2003**

| | | |
|---|---|---|
| 1. | Finsbury Investments Limited | 25% |
| 2. | Estate of the late Patrick Bwalya Puta | 2.5% |
| 3. | Patrick Chamunda | 1.0% |
| 4. | Job Albert T Samuel | 6.5% |
| 5. | Justin Chinyanta | 20% |
| 6. | Yousef Bazian | 20% |
| 7. | Jonas Stoltzlus | 25% |
| | Total | 100% |

**2008**

| | | |
|---|---|---|
| 1. | Finsbury Investments Limited | 25% |
| 2. | Job Albert  T Samuel | 6.5% |
| 3. | Estate of the late Patrick Bwalya Puta | 2.5% |
| 4. | Patrick Chamunda | 1.0% |
| 5. | Clarkwell Limited | 25% |
| 6. | Credit Suisse Investment | 40% |
| | Total | 100% |

3



**2009**

| | | |
|---|---|---|
| 1. | Credit Suisse | 40% |
| 2. | ✓Finsbury | 25%(nominee for Mahtani) |
| 3. | Clarkwell Limited | 25%(nominee for Mahtani) |
| 4. | ✓Job Albert T Samuel | 6.5%(nominee for Mahtani) |
| 5. | ✓Estate of the late Patrick Bwalya Puta | 2.5% |
| 6. | ✓Patrick Chamunda | 1.0% |
| | | Total 100% |

As shown above, Dr Mahtani controlled 56.5% shareholding of FBZL through nominees. All dividends were first deposited into Finsbury Investments Limited Bank account and then distributed to various shareholders in different jurisdictions. Finsbury Investments Limited is solely controlled by Dr. Mahtani (**see annexure 'C' for more details on Finsbury Investments**). Once dividends were deposited into the FIL bank account, only 43.5% was distributed to other shareholders while 56.5% was retained. This was then transferred to various jurisdictions based on Dr Mahtani's sole instruction. (**see annexure 'D'**)

### 3. ALLEGDED OFFENCES AND RELATED PENALTIES

Dr Mahtani was arrested and is appearing before the Courts of Law in Zambia for being in possession of more than 25% beneficiary interest in voting shares of Finance Bank Zambia Limited without prior approval in writing of the Bank of Zambia contrary to section 23(1) and (2) of the Banking and Financial Services Act No. 21 of 1994 of the Laws of Zambia. Dr Mahtani accrued a total sum of ZMK 81,700,253,230 (about US$20 million) as dividends which money was later transferred to

4



foreign jurisdictions on his sole instructions.    Through the afore-mentioned act, Dr Mahtani is alleged to have committed the offence of money laundering contrary to section 7 of the Prohibition and Prevention of Money Laundering Act No. 14 of 2001 of the Laws of Zambia, a charge for which he is also appearing before the courts of Law in Zambia.

The offence under the BFSA aforementioned carries a fine not exceeding one hundred thousand penalty units or ZMK10 million (about US$2 080) or to imprisonment for a period not exceeding five years or to both; while the money laundering offence under the Prohibition and Prevention of Money Laundering Act carries a fine not exceeding one hundred seventy thousand penalty units or imprisonment for a term not exceeding ten years or both. (see annexure 'E')

## 4. ASSISTANCE SOUGHT AND PROCEDURES TO BE EMPLOYED

It is requested that the purported shareholders who received payments in respect of dividends from Finsbury Investment Limited through their US bank accounts be interviewed regarding their shareholding in Finance Bank.  These are:

a) Christine Toussant, Account No. 149 420 – S 8 - Fund Staff Federal Credit Union, Washington

b) Maheep Singh, Account No. 0204048/006/000/840 - Societe Generale, New York.

c) Erika I. Drotse, Account No. 682 – 080 – 1733, Commercial Bank,

  Michigan.

5



d) KBC Bank, New York.

e) Jonas Stoltzfus, Account No 99032840016, Ensign Federal Credit Union, Henderson, Nevada.

f) Jonas Stoltzfus, Account No 0301000527, Bank of Nevada. Henderson, Nevada.

g) Charles Henry de Beauvoir Carey/ Sheena Chandan de Beauvoir Carey, Account No 52551509 – Citi bank, New York.

h) Benchmark Securities Limited, Account No 63190600 – New York.

i) Barclays Bank (Suisse) SA. Account No 50031481.

j) Interafrica Grains Limited, Account No 189286, Societe Generale, New York.

The evidence be obtained by way of a statement in writing in form of witness statements **in the form at annexure 'F'** in order to constitute admissible evidence in the Zambian courts.

It is further requested to interview and obtain a statement in writing **in the form at annexure 'G'** from an appropriate employee or official from the financial institutions named above.

It is requested that further enquiries be made, persons interviewed and exhibits obtained where they are reasonably necessary in the course of the investigation and that assistance is given on any follow-up enquiries.

6



It is requested that any information held on computer in any form which is relevant to the subject matter be preserved and secured from unauthorised interference and made available in due course to the investigating officers.

## 5. TRANSMISSION OF EVIDENCE

It is requested that Senior Assistant Commissioner, Mary Chirwa and Senior Investigations Officer, Emmanuel Kanjela, both duly attested officers of the Anti-Money Laundering Investigations Unit of the Drug Enforcement Commission be present at the collection of evidence. It is requested that where appropriate, the evidence requested is itemised and sealed and handed to the above-mentioned officers or sent to the Attorney General's office. Kindly advise when the officers can travel to Washington.

I undertake that documents provided to this office shall be used for the proceedings as outlined in this letter of request.

## 6. RECIPROCITY

I wish to assure the United States of America of reciprocal relations in any similar requests made to Zambia.

7



The Republic of Zambia avails itself the opportunity to renew to the United States of America assurances of its highest consideration.

Abyudi J. Shonga Jnr.,SC
**ATTORNEY GENERAL OF THE REPUBLIC OF ZAMBIA**

8



REQUEST FOR ASSISTANCE IN INVESTIGATIONS ON TRANSFER OF
FUNDS FROM FINANCE BANK ZAMBIA BY DR RAJAN LEKRAJ
MAHTANI

ANNEXURE

ANNEXURE "A"

# CHAPTER 96

## NARCOTIC DRUGS AND PSYCHOTROPIC SUBSTANCES

*Act No.*
*37 of 1993*
*13 of 1994*

An Act to continue the Drug Enforcement Commission; revise and consolidate the law relating to narcotic drugs and psychotropic substances; incorporate into Zambian law certain international Conventions governing illicit drugs and psychotropic substances; control the importation, exportation, production, possession, sale, distribution and use of narcotic drugs and psychotropic substances; provide for the seizure and forfeiture of property relating to, or connected with, unlawful activities involving narcotic drugs and psychotropic substances; repeal the Dangerous Drugs (Forfeiture of Property) Act, 1989; and provide for matters connected with or incidental to the foregoing.

[8th September, 1993

## PART I

### PRELIMINARY

1. This Act may be cited as the Narcotic Drugs and Psychotropic Substances Act.

Short title

2. In this Act, unless the context otherwise requires—

Interpretation

"bank" has the meaning assigned thereto in any written law governing the licensing of banks and includes a bank established by or under a written law;

"banker's books" includes ledgers, day books, cash books, accounts books and all other books and documents used in the ordinary course of the business of a bank;

"Commission" means the Drug Enforcement Commission continued under section *four*;

"Commissioner" means the person appointed Commissioner under paragraph 1 of the First Schedule;

"conviction" includes a conviction by a court outside Zambia and any conviction where a conditional or unconditional discharge is ordered;

"corresponding foreign law" means the provision of any law which is similar in whole, or in part, or in substance, to Zambian law;

"Deputy Commissioner" means the person appointed Deputy Commissioner under paragraph 2 of the First Schedule;

GOVERNMENT OF ZAMBIA

# ACT

### No. 14 of 2001

Date of Assent: 8th November, 2001

An Act to provide for the prohibition and prevention of money laundering; the constitution of the Anti-money Laundering Authority and the Anti-Money Laundering Investigations Unit; to provide for the disclosure of information on suspicion of money laundering activities by Supervisory Autorities and regulated institutions; to provide for the forfeiture of property of persons convicted of money laundering; to provide for international cooperation in investigations, prosecution and other legal processes of prohibiting and preventing money laundering; and to provide for matters connected with or incidental to the foregoing.

[9th November, 2001

ENACTED by the Parliament of Zambia                    Enactment

### PART I
#### PRELIMINARY

1. This Act may be cited as the Prohibition and Prevention of Money Laundering Act, 2001 and shall come into operation on such date as the minister may, by statutory instrument, appoint.

    Short title and commencement

2. In this Act, unless the context otherwise requires—

    Interpretation

    " authorised officer " means an officer authorised by the Commissioner to perform functions under this Act;

    " Authority " means the Anti-Money Laundering Authority constituted under section *three;*

" business transaction" means any arrangement, including opening of a bank account, between two or more persons where the purpose of the arrangement is to facilitate a transaction between the two or more persons;

" business transaction record " in relation to a business transaction, includes—

(a) the identification record of all the persons party to that transaction;

(b) a description of that transaction sufficient to identify its purpose and method of execution;

(c) the details of any bank account used for that transaction, including bank, branch and sort code; and

(d) the total value of that transaction;

" Commissioner " means the person appointed as Commissioner under the Narcotic Drugs and Psychotropic Substances Act;

Cap. 96

" Court " means the Subordinate Court and the High Court;

" financial institution " shall have the meaning assigned to it under the Banking and Financial Services Act;

Cap. 387

" identification record " means—

(a) where the person is a corporate body, the details of—

(i) the certificate of incorporation;

(ii) the most recent annual return to the Supervisory Authority; or

(b) in any other case, sufficient documentary evidence to prove to the satisfaction of a financial institution that the person is who that person claims to be; and for these purposes " person" shall include any person who is a nominee, agent, beneficiary or principal in relation to a business transaction;

" illegal activity " means any activity, whenever or wherever carried out which under any written law in the Republic amounts to a crime;

" money laundering" means—

(a) engaging, directly or indirectly, in a business transaction that involves property acquired with proceeds of crime;

(b) receiving, possessing, concealing, disguising, disposing of or bringing into Zambia, any property derived or realised directly or indirectly from illegal activity; or

*Prohibition and Prevention of*
*Money Laundering*

(c) the retention or acquisition of property knowing that
    the property is derived or realised, directly or
    indirectly, from illegal activity;

" proceeds of crime" means any property, benefit or advan-
tage, within or outside Zambia realised or derived, directly
or indirectly from illegal activity;

" property" includes money and all other property, real or
personal, movable or immovable including things in action
and other intangible or incorporeal property wherever
situated and includes any interest in such property;

" regulated institution" means an institution regulated by a
Supervisory Authority;

" Supervisory Authority" means —

  (a) the Bank of Zambia;

  (b) the Registrar of Building Societies appointed under    Cap. 412
     the Building Societies Act;

  (c) the Registrar of Banks and Financial Institutions    Cap. 387
     appointed under the Banking and Financial Ser-
     vices Act;

  (d) the Registrar of Co-operatives appointed under the    Cap. 387
     Cooperatives Societies Act;

  (e) the Registrar of Insurance appointed under the Insur-    Act No. 27
     ance Act;                                   of 1997

  (f) the Commissioner appointed under the Securities and    Cap. 338
     Exchange Commission Act;

  (g) the Registrar of Companies appointed under the    Cap. 414
     Companies Act;

  (h) the Commissioner of Lands;                        Cap. 385

  (i) the Investment Board under the Investment Act; or

  (j) the licensing authority under the Casino Act;      Cap. 157

  (k) any other authority which may be established by law
     as a Supervisory Authority; and

" Unit" means the Anti-Money Laundering Investigations
unit Constituted under section *five*.

## Part II
### ANTI-MONEY LAUNDERING AUTHORITY

3.  There is hereby constituted the Anti-Money Laundering    Constitution
Authority which Authority shall be composed of the following    of Anti-
members appointed by the Minister—                           Money
                                                    Laundering

  (a) the Attorney-General, who shall be the chairman;      Authority

  (b) the Inspector-General of the Zambia Police Force;

74   [No. 14 of 2001          Money Laundering

(c) the Commissioner;

(d) the Director-General of the Anti-Corruption Commission;

(e) the Governor, Bank of Zambia;

(f) the Commissioner-General, Zambia Revenue Authority; and

(g) two other persons.

Functions of Authority

4.   The functions of the Anti-money Laundering Authority shall be—

(a) to provide general or specific policy directives to the Commissioner and the Commissioner shall give effect to such directives; and

(b) to advise the Minister on measures required to prevent and detect money laundering in the Republic.

PART III

ANTI-MONEY LAUNDERING INVESTIGATIONS UNIT

Anti-Money Laundering Investigations Unit

5.   There shall be the Anti-Money Laundering Investigations Unit which shall comprise the Commissioner and such other officers as the Commissioner shall appoint.

Functions of Unit

6. (1) The functions of the Anti-Money Laundering Investigations Unit shall be—

(a) to collect, evaluate, process and investigate finacial information including that from regulated institutions and Supervisory Authorities, relating to financial and other business transactions suspected to be part of money laundering for the purpose of preventing and suppressing money laundering offences;

(b) to conduct investigations and prosecutions of money laundering offences;

(c) to liase with other law enforcement agencies in the conduct of investigations and prosecutions of money laundering offences;

(d) to supervise the reporting requirements and other administrative obligations imposed on regulated institutions and Supervisory Authorities under this Act;

(e) to assist in developing training programmes for use by regulated institutions and Supervisory Authorities in the implementation of this Act; and

(f) to cooperate with law enforcement agencies and institutions in other jurisdictions responsible for investigations and prosecution of money laundering offences.

(2)   The Commissioner shall make periodic reports to the Authority concerning the activities of the Unit as the Authority may determine.

## PART IV
### MONEY LAUNDERING OFFENCES

7.   A person who, after the commencement of this Act, engages in money laundering, shall be guilty of an offence and shall be liable, upon conviction to a fine not exceeding one hundred and seventy thousand penalty units or to imprisonment for a term not exceeding ten years or to both.

*Prohibition of money laundering* 

8. Where an offence under the provisions of this Act is committed by a body of person, whether corporate or unincorporated—

*Offences committed by body of persons*

(a) the body of persons shall be guilty of an offence and liable upon conviction to a fine not exceeding four hundred thousand penalty units; and

(b) every person who, at the time of the offence, acted in an official capacity for or on behalf of such a body of persons, whether as a Director, Manager, Secretary or other similar capacity, or was purporting to act in such capacity and who was involed in the commission of that offence, shall be guilty of that offence;

and shall be liable, upon conviction to a fine not exceeding one hundred and seventy thousand penalty units or to imprisonment for a term not exceeding ten years, or to both.

9. (1) Any person who attempts, aids, abets, counsels or procures the commission of the offence of money laundering shall be guilty of an offence and shall be liable, on conviction, to a fine not exceeding one hundred and thirty-nine thousand penalty units or to imprisonment for a term not exceeding five years, or to both.

*Attempts, aiding and abetting or conspiring to commit offence*

(2)   Any person who conspires with another to commit the offence of money laundering shall be guilty of an offence and shall be liable upon conviction to a fine not exceeding one hundred and thirty-nine thousand penalty units or to imprisonment for a term not exceeding five years or to both.

10.   Any person who knows or suspects that an investigation into money laundering has been, is being or is about to be conducted, falsifies, conceals, destroys or otherwise disposes of, causes or permits the falsification of material which is or is likely to be relevant to the investigation of the offence, shall be guilty of an offence and shall be liable, upon conviction, to a fine not exceeding one hundred and thirty-nine thousand penalty units or to imprisonment for a term not exceeding five years or to both.

*Falsification of documents*

ANNEXTURE "C"

# Professional Services Limited

**FINANCIAL CONSULTANTS, MANAGEMENT CONSULTANTS AND COMPANY SECRETARIES**

P O BOX 70238
FINSBURY HOUSE
BUTEKO AVENUE
NDOLA, ZAMBIA
TELEPHONE: 610273-6
FAX: 615245
CABLE: MAHTANI
TELEX: ZA 34180
ALSO AT: KITWE, MUFULIRA AND CHINGOLA

IN REF:

REF:

28th September 2010

The Branch Manager
Finance Bank Zambia Limited
Lusaka Corporate Branch
Finance House
LUSAKA

Dear Madam,

**RE: FINSBURY INVESTMENTS LIMITED**

Our letter will confirm that Finsbury Investments Limited has been our client since incorporation and the Directors are respected international members of good standing.

Should any queries arise, please do not hesitate to contact us.

Yours Sincerely,



**PROFESSIONAL SERVICES LIMITED
COMPANY SECRETARIES**

ASSOCIATED OFFICES IN LUSAKA, KABWE AND LUANSHYA — ZAMBIA

# MAHTANI & CO.

PUBLIC ACCOUNTANTS

YOUR REF:

OUR REF:

FINSBURY HOUSE
BUTEKO AVENUE
P.O. Box 70238
NDOLA, ZAMBIA
TELEPHONE: 610273/4/5/6
CABLE: "MAHTANI"
TELEX: ZA 34180

07th September 2010

The Branch Manager
Finance Bank Zambia Limited
Lusaka Corporate Branch
Finance House
LUSAKA

Dear Madam,

RE: FINSBURY INVESTMENTS LIMITED

Our letter will confirm that the above-mentioned company is the holding company of the Mahtani Group of Companies. Finsbury Investments Limited is a wholly owned Zambian limited company incorporated on 2nd July 1981 – it is an investment company investing in Shares and Property.

Should any queries arise, please do not hesitate to contact us.

Sincerely,

For/MAHTANI & Co.

ASSOCIATED OFFICES IN LUSAKA, KABWE AND LUANSHYA - ZAMBIA
AND PRINCIPAL AREAS OF THE WORLD

## INVOICE

PAGE   1

Zambia
Telecommunications
Company Limited

FINSBURY INVESTMENTS LTD
BOX 70238
226 BUTEKO AVE
NDOLA
NDOLA

| ACCOUNT NUMBER | ACCOUNT NAME | BILLING DATE |
|---|---|---|
| 163282 | FINSBURY INVESTMENTS LTD | 20-AUG-2010 |

| DETAILS OF SERVICE & PRODUCT BILLED | AMOUNT |
|---|---|
| 0212-618842 | |
| (RESIDENTIAL) | 20,000.00 |
| Charges | 20,000.00 |
| (Meter Index): | |
| Current Date    Usage | |
| 2581  12/08       0 | .00 |
| 618842 | 20,000.00 |
| TAX | 3,200.00 |
| Charges | 23,200.00 |
| Balance | 23,200.00 |
| PAYMENT | 23,200.00- |
| | .00 |
| | 23,200.00 |

Continued on next page

| PREVIOUS BALANCE | CURRENT MONTH'S CHARGES | TOTAL AMOUNT DUE |
|---|---|---|
| 23,200.00 | 23,200.00 | 23,200.00 |

Attach stub portions with payment

| ACCOUNT NUMBER | ACCOUNT NAME | BILLING DATE |
|---|---|---|
| 163282 | FINSBURY INVESTMENTS LTD | 20-AUG-2010 |

| PREVIOUS BALANCE | CURRENT MONTH'S CHARGES | TOTAL AMOUNT DUE |
|---|---|---|
| 23,200.00 | 23,200.00 | 23,200.00 |

Companies Form 53



## CERTIFICATE OF COMPLIANCE OF A PRIVATE COMPANY

THE REGISTRAR OF COMPANIES:

I certify that **FINSBURY INVESTMENTS** Limited has not, since the date of the company, where there has been no return since the date of the incorporation of the company as, or its case of a private company, since the date of the incorporation or conversion), issued any invitation to the public to subscribe for any shares or debentures of the company.

I also certify that the excess number of members of the company above 50 consists wholly of person who, having been in the employment of the company, where while in such employment, and have continued after the termination of such employment to be, members of the company

Dated  **31ST**  day of  **MARCH 2009**

FOR: PROFESSIONAL SERVICES LIMITED
COMPANY SECRETARIES



3 0 JUN 2009



Companies Form 42

# ANNUAL RETURN OF A COMPANY
## (Section 184)

Company Registration No. | 11032

### FINSBURY INVESTMENTS  LIMITED
### 31ST MARCH                                            20 09

(Note: Section 184, the return should be made up to the date of the Annual General Meeting or, if there is no annual General Meeting, any date within three months after the end of the financial year.

nature of business of the company or, if the company is not carrying on any business, the nature of its objects:

### INVESTMENT COMPANY

Company's registered office    2ND FLOOR, FINANCE HOUSE, PRESIDENT AVENUE, NDOLA
P.O. BOX 70238, NDOLA

Company's registered records office, if different from registered office

### SAME AS IN (3) ABOVE

company's principal place of business in Zambia.

### PLOT 226 FINSBURY HOUSE, BUTEKO AVENUE, NDOLA

if the company's register of members and register of debentures holders are kept, if elsewhere than at registered records office:

### SAME AS IN (3) ABOVE

share capital and debentures

land Share Capital

amount of the Capital & US$. £   K1,000,000,000   divided into:

| Number | Class | | Value | |
|---|---|---|---|---|
| 1,000,000,000 | ORDINARY | shares of | K1.00 | each |
| | | shares of | | each |
| | | shares of | | each |
| | | shares of | | each |

| Number | Class | |
|---|---|---|
| 1,000,000,000 | ORDINARY | shares |
| | | shares |
| | | shares |
| | | shares |

number of shares of each class

| | | Number/Class | |
|---|---|---|---|
| K1.00 | per share on | 50,000 | ORDINARY shares |
| K1.00 | per share on | 999,950,000 | ORDINARY(BONUS) shares |
| | per share on | | shares |
| | per share on | | shares |

(stamp: BAE... AND COMPANY... REPUBLIC... 3 0 JUN 2009)

transferred (Note 3)

1,000,000,000

| Name | Nationality / ID | | Address | Title |
|---|---|---|---|---|
| RAJAN LEKHRAJ MAHTANI (JNR) | ZAMBIAN PASSPORT NO. ZM 016864 | N/A | 3Y6, MWASOMBENI AVENUE P.O. BOX 70238, NDOLA | EXECUTIVE CHAIRMAN, MAHTANI GROUP OF COMPANIES |
| MADHURI MARY SCHULTZ | ZAMBIAN NRC 181905/61/1 | N/A | 16 ARISTON DRIVE, ONTARIO, CANADA | DIRECTOR |
| GABRIEL SCHULTZ | ZAMBIAN NRC 374462/61/1 | N/A | -DO- | DIRECTOR |
| JOAN CRAVEN | BRITISH NRC 907393/61/2 | N/A | 98 FUENTE AVENUE, P.O. BOX 70238, NDOLA | DIRECTOR |

P.O. BOX
30 JUN 2009

## FINBURY INVESTMENTS LIMITED

Total liability on shares in each class not yet due for payment

| N/A | N/A | N/A | |
|---|---|---|---|
| | per share on | | shares |
| | per share on | | shares |
| | per share on | | shares |
| | per share on | | shares |

Total liability K  **NIL**

... fitted to each class forfeited

| Number | Class | |
|---|---|---|
| N/A | N/A | shares |
| | | shares |

Total shares of each class forfeited K: **NIL**

... shares for which share warrants to bearer are outstanding K  **NIL**

... of share warrants to bearer surrendered since the date of the last return

NIL

... to be so comprised in each share warrant to bearer, specifying in the case of warrants of different kinds, particulars of each kind:

| Number | Class | |
|---|---|---|
| N/A | N/A | shares |
| | | shares |

... of indebtedness of the company in respect of all mortgages and charges which are required to be registered with the Registrar of Companies.

NIL

... (Directors) of company (a) if an individual:

| ... forenames and surnames | Former forenames and surnames | Nationality and NRC No. or Passport No. | Residential and postal address | Occupation, any other directorship held |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |

... (if any):

| ... of body corporate | Registered office of body corporate | Registered postal address | Name of any other body corporate in which a secretaryship is held | Address of principal office, if different from registered office |
|---|---|---|---|---|
| ... | 2ND FLOOR FINANCE HOUSE PRESIDENT AVENUE NDOLA | BOX 70238, NDOLA | COMPANY SECRETARIES | N/A |

Folio in register with details

| Surname | Forenames | Address | Occupation | Shares held on return day | Shares acquired during year Number | Date | Shares disposed during year Number | Date |
|---|---|---|---|---|---|---|---|---|
| SCHULTZ | MARY | P.O. BOX 70238, NDOLA | DIRECTOR | 989,999,999 | | | | |
| SCHULTZ | GABRIEL | -DO. | DIRECTOR | 1,000,000,000 | | | | |

REPUBLIC OF ZAMBIA
30 JUN 2009
PO BOX 71532

FOR PROFESSIONAL SERVICES LIMITED
COMPANY SECRETARIES

# CERTIFICATE OF COMPLIANCE OF A PRIVATE COMPANY

*TO:* THE REGISTRAR OF COMPANIES:

I hereby certify that . . . . . . . . . . . . **FINSBURY INVESTMENTS** . . . . . . . . . . . . Limited has not, since the date of the last return (or, where there has been no return since the date of the incorporation of the company as, or its conversion to, a private company, since the date of the incorporation or conversion), issued any invitation to the public to subcribe for any shares or debentures of the company.

And I certify that the excess number of members of the company above 50 consists wholly of person who, having been formerly in the employment of the company, where while in such employment, and have continued after the determination of such employment to be, members of the company.

Dated this . . . . . . . . . . . . . . . . . . .     2ND     . . . . . . . . . . . . day of . . . . . . . . . . . . . .     JULY 2010 . . . . . . . . . . . . . .

FOR: PROFESSIONAL SERVICES LIMITED
COMPANY SECRETARIES



Companies Form 42

P17

# ANNUAL RETURN OF A COMPANY
## (Section 184)

Company Registration No. | 11032

### FINSBURY INVESTMENTS LIMITED

### 2ND JULY 20 10

The return should be made up to the date of the Annual General Meeting or, if there is no A.G.M., any date within three months after the end of the financial year.

Nature of the business or businesses of the company or, if the company is not carrying on any business, the nature of its objects:

### INVESTMENT COMPANY

Address of the company's registered office:

### 2ND FLOOR, FINANCE HOUSE, PRESIDENT AVENUE, NDOLA
### P.O. BOX 70238, NDOLA

Address of the company's registered records office, if different from registered office:

### SAME AS IN (3) ABOVE

Address of the company's principal place of business in Zambia:

### PLOT 226 FINSBURY HOUSE, BUTEKO AVENUE, NDOLA

Address at which company's register of members and register of debenture holders are kept, if elsewhere than at registered records office.

### SAME AS IN (3) ABOVE

Particulars of share capital and debentures:

Nominal Share Capital

The nominal share capital is US$. £. K1,000,000,000 divided into:

| Number | Class | Value | |
|---|---|---|---|
| 1,000,000,000 | ORDINARY shares of | K1.00 | each |
| | shares of | | each |
| | shares of | | each |
| | shares of | | each |

| Number | Class | |
|---|---|---|
| 1,000,000,000 | ORDINARY | shares |
| | | shares |
| | | shares |
| | | shares |

Amount paid up on number of shares of each class:

| | | Number | Class | |
|---|---|---|---|---|
| K1.00 | per share on | 50,000 | ORDINARY | shares |
| K1.00 | per share on | 999,950,000 | ORDINARY(BONUS) | shares |
| | per share on | | | shares |
| | per share on | | | shares |

Amount of calls received (Note 3)

1,000,000,000

Amount of calls unpaid

NIL

FINSBURY INVESTMENTS LIMITED

comp of liability on shares in each class not yet due for payment.

| N/A | N/A | N/A | shares |
| per share on | | | shares |
| per share on | | | shares |
| per share on | | | shares |

amount of unpaid liability K   NIL

number of shares of each class forfeited:

| Number | Class | |
| N/A | N/A | shares |
| | | shares |

Total number of each class forfeited K   NIL

Total amount of shares for which shares warrants to bearer are outstanding K:   NIL

Total amount of share warrants to bearer surrendered since the date of the last return:

NIL

number of shares comprised in each share warrant to bearer, specifying in the case of warrants of different kinds, particulars of each kind:

| Number | Class | |
| N/A | N/A | shares |
| | | shares |

Particulars of indebtedness

Total amount of indebtedness of the company in respect of all mortgages and charges which are required to be registered with the Registrar of Companies

K   NIL

Particulars of secretary of company (a) if an individual:

| Present forenames and surnames | Former forenames and surnames | Nationality and NRC No. or Passport No. | Residential and postal address | Occupation any other secretaryship held |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |

(b) if body corporate):

| Name of body corporate | Registered office of body corporate | Registered postal address | Name of any other body corporate in which a secretaryship is held | Address of principal office, if different from registered office |
|---|---|---|---|---|
| PROFESSIONAL SERVICES LIMITED | 2ND FLOOR FINANCE HOUSE PRESIDENT AVENUE NDOLA | BOX 70238, NDOLA | COMPANY SECRETARIES | N/A |

| Name | | Identification | Address | Position |
|---|---|---|---|---|
| RAJUNLEKDERAJ MAHTANI (DR) | N/A | ZAMBIAN PASSPORT NO. ZM 016864 | 3TR MPASAOMBENI AVENUE, P.O. BOX 70238, NDOLA | EXECUTIVE CHAIRMAN, MAHTANI GROUP OF COMPANIES |
| MADHURI MARY SCHULTZ | N/A | ZAMBIAN NRC 181905/61/1 | 16 ARISTON DRIVE, ONTARIO, CANADA | DIRECTOR |
| GABRIEL SCHULTZ | N/A | ZAMBIAN NRC 574456/71/1 | -DO- | DIRECTOR |
| JOAN CRAVEN | N/A | BRITISH NRC 917389/61/2 | 18 FITENTE AVENUE, P.O. BOX 70238, NDOLA | DIRECTOR |